IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAVE OUR SPRINGS ALLIANCE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-762-RP |
| TEXAS DEPARTMENT OF TRANSPORTATION and UNITED STATES FISH AND WILDLIFE SERVICE, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendant Texas Department of Transportation's ("TxDOT") motion to dismiss Count 3[1] of Plaintiff Save Our Springs Alliance, Inc.'s ("SOS") complaint. (Partial Mot. Dismiss, Dkt. 10; Compl., Dkt. 1, at 23–24; *see also* Resp. Partial Mot. Dismiss, Dkt. 14; Reply Partial Mot. Dismiss, Dkt. 15). After considering the parties' arguments, the record, and the relevant law, the Court denies TxDOT's motion.

### I. BACKGROUND

In this case, SOS challenges Defendants TxDOT and United States Fish and Wildlife Service's ("FWS"; collectively, "Defendants") actions during consultation on the Oak Hill Parkway Project, "a highway expansion and grade separation project in Travis County, Texas." (Compl., Dkt. 1, at 1). Three of SOS's allegations concerning violations of the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA"), are relevant to a discussion of TxDOT's partial motion to dismiss. First, in Count 1, SOS asserts a procedural violation: that Defendants failed to use the best scientific data available in concluding that the protect is not likely to adversely affect the Austin Blind Salamander or the Barton Springs Salamander, both federally protected species. (Compl., Dkt. 1, at 21–22).

---

[1] The Court's nomenclature tracks SOS's "claims" in its complaint. (*See, e.g.*, Compl., Dkt. 1, at 23).

1

Second, in Count 2, SOS asserts another procedural violation: that Defendants failed to analyze the project's cumulative effects on the salamanders in conjunction with the effects of other reasonably foreseeable activities. (*Id.* at 23). Third, in Count 3, SOS asserts a substantive violation: that TxDOT failed in its obligation to ensure the salamanders would not be placed in jeopardy. (*Id.* at 23–24).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Meanwhile, under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike under Rule 12(f) are generally disfavored, but a motion to strike a defense should be granted where the challenged defense is insufficient as a matter of law." *Brown v. Aetna Life Ins. Co.*, No. EP-13-CV-131-KC, 2013 WL 3442042, at *2 (W.D. Tex. July 8, 2013) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). If "the challenged matter is 'directly relevant to the controversy at issue' and is at least 'minimally supported' by the allegations set forth in the pleadings, it should not be stricken under Rule 12(f)." *Id.* (quoting *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012)). When Fifth Circuit district courts considering motions to strike under Rule 12(f) find that they that are "more akin to . . . motion[s] to dismiss" under Rule 12(b)(6), the courts tend to construe the motions as the latter. *Id.* at *1 (collecting cases).

### III.  ANALYSIS

TxDOT argues that Count 3 of SOS's complaint (which SOS characterizes as procedural) duplicates Counts 1 and 2 (which SOS characterizes as substantive) because it putatively seeks the same relief as those counts, presenting the same elements as a different theory of liability. (Partial Mot. Dismiss, Dkt. 10, at 3–8). TxDOT alternatively argues that Count 3 should be dismissed for failure to state a claim. (*Id.* at 8). The Court disagrees with both contentions and will address each in turn.

### A.  TxDOT's Duplicative Claims Argument

The ESA provides "both substantive and procedural provisions designed to protect endangered species and their habitat." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1121 (9th Cir. 1997). "The ESA's procedural requirements call for a systematic determination of the effects of a federal project on endangered species," *Thomas v. Peterson*, 753 F.2d 754, 764 (9th Cir.

1985), *overruling on other grounds recognized in Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075 (9th Cir. 2015), while ESA § 7's substantive requirement obliges federal agencies to "insure that any action authorized, funded, or carried out by [the] agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species," 16 U.S.C. § 1536(a)(2). *See also Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 667 (2007) ("[ESA] § 7(a)(2), unlike NEPA, imposes a substantive (and not just a procedural) statutory requirement."); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 807 F.3d 1031, 1036 (9th Cir. 2015).

Courts that consider many ESA cases regularly discuss the ESA's procedural and substantive provisions as separate and discrete obligations, viewing procedural violations as existing independently of substantive violations and vice versa. *See, e.g.*, *WildEarth Guardians v. Provencio*, 923 F.3d 655, 670 (9th Cir. 2019); *Ctr. for Biological Diversity*, 807 F.3d at 1036; *Cottonwood*, 789 F.3d at 1089 n.13; *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 596 (9th Cir. 2014); *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1415 (9th Cir. 1990); *Thomas v. Peterson*, 753 F.2d 754, 764 (9th Cir. 1985), *overruling on other grounds recognized in Cottonwood*, 789 F.3d at 1075. As SOS puts it, while a finding of a procedural violation would make a substantive violation "more plausible," the former is "not a necessary predicate" for the latter. (Resp. Partial Mot. Dismiss, Dkt. 14, at 5). These courts also recognize that because claims alleging procedural violations of the ESA and claims alleging substantive violations address distinct agency obligations, plaintiffs may assert simultaneous, parallel claims alleging procedural and substantive violations. *See, e.g., Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1227 (9th Cir. 2008); *Defs. of Wildlife v. U.S. Envtl. Prot. Agency*, 420 F.3d 946, 957 (9th Cir. 2005), *rev'd on other grounds and remanded sub nom. Nat'l Ass'n of Home Builders*, 551 U.S. at 644; *Ctr. for Envtl. Health v. Wheeler*, 429 F. Supp. 3d 702 (N.D. Cal. 2019); *All. for the Wild Rockies, Inc. v. United States Army Corps of Engineers*, 237 F. Supp. 3d

1079, 1085 (D. Or. 2017); *Pacificans for a Scenic Coast v. California Dep't of Transportation*, 204 F. Supp. 3d 1075, 1083 (N.D. Cal. 2016). While plaintiffs may combine the claims into one for pleading purposes, *see, e.g.*, *Sierra Club v. Glickman*, 156 F.3d 606, 611 (5th Cir. 1998), they are not required to do so.

This approach comports with liberal pleading standards. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A]t the pleading stage, a plaintiff may plead claims hypothetically and alternatively, and it is too early for the court to assess whether they are in fact duplicative." *Brennan v. HCA, Inc. Health & Welfare Benefits Plan*, No. CV SA-15-CA-276-XR, 2016 WL 11578914, at *3 (W.D. Tex. July 15, 2016) (citing *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(3), 18. The Federal Rules of Civil Procedure expressly provide that even if a party's claims overlap, it "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "The plaintiff is simply not allowed to recover twice." *Silva*, 762 F.3d at 726. And, if the plaintiff's complaint is still deficient, courts may—and are strongly encouraged to—allow amendment. *See Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002).

Against this backdrop, TxDOT's motion fails for several reasons. First, it does not make clear whether it seeks to have SOS's Count 3 dismissed as failing to state a claim, under Rule 12(b)(6), or stricken as redundant, under Rule 12(f). (*See* Partial Mot. Dismiss, Dkt. 10, at 3). Given this ambiguity, the Court will consider it as a motion to dismiss under Rule 12(b)(6): TxDOT ultimately argues that Count 3 does not state a separate claim because it is duplicative. *See Brown*, 2013 WL 3442042, at *1–2; (Partial Mot. Dismiss, Dkt. 10, at 3–8). Second, it does not make any argument why dismissal or striking is the appropriate remedy as opposed to requiring SOS to amend. Third, it unduly emphasizes what it characterizes as imprecise and thus duplicative drafting in certain portions of the complaint, ignoring overarching liberal pleading standards. (*See* Partial Mot.

Dismiss, Dkt. 10, at 5). Fourth, it misapprehends the bifurcated nature of the obligations ESA § 7 imposes on agencies, which can give rise to distinct claims. (*See, e.g.*, Reply Partial Mot. Dismiss, Dkt. 15, at 1). Fifth, it does not address why, even if SOS's claims overlap, they would not be properly considered as pled in the alternative. Sixth, TxDOT lists a number of cases, both from within and outside the Fifth Circuit, in which courts dismiss claims upon findings that those claims rely on identical theories of recovery and/or require proof of identical sets of elements. (Partial Mot. Dismiss, Dkt. 10, at 3–4, 4 n.2). But none of these cases apply to the situation now before the Court: separate procedural and substantive claims under ESA § 7, which depend on different facts and involve the application of different tests to resolve their merits. A claim alleging a different type of violation than one alleged in another claim is something different than "a generic restatement of the more specific counts." (*Id.* at 6). Seventh, the fact that Counts 1, 2, and 3 draw on the same standard of review, which TxDOT argues necessarily signals duplication, is not a ground for dismissal of Count 3. (*See id.*). But, as SOS notes, the Administrative Procedure Act ("APA") provides the standard of review for ESA § 7 claims, *Sierra Club v. Glickman*, 67 F.3d 90, 95 (5th Cir. 1995), while the APA itself provides a set of distinct reasons, with different elements, for finding agency action unlawful, 5 U.S.C. § 706(2). *See also Hawaii Longline Ass'n. v. Nat'l Marine Fisheries Serv.*, 281 F. Supp. 2d 1, 25–26 (D.D.C.) ("Regardless of whether or not an agency action is declared substantively unlawfully, 5 U.S.C. § 706(2)(A), or procedurally flawed, 5 U.S.C. § 706(2)(D), the APA provides for the same remedy."), *on reconsideration in part sub nom. Hawaii Longline Ass'n v. Nat'l Marine Fisheries Serv.*, 288 F. Supp. 2d 7 (D.D.C. 2003). Given these obstacles, TxDOT has not demonstrated that Count 3 must be dismissed at this stage.

TxDOT invokes a 2019 case in the Western District of Texas in which the court briefly discussed two ESA § 7 claims, one of which it characterized as "distinct from, but dependent on," the other. *Ctr. for Biological Diversity v. Tex. Dep't of Transp.*, No. 1:16-CV-876-LY (W.D. Tex. filed

Sept. 30, 2019) (Findings of Fact & Conclusions of Law, Dkt. 98, at 58). The opinion did not reach the merits of the latter claim, having ruled against the plaintiffs on the former. (*Id.*). And the opinion came at a later procedural posture, after a bench trial—i.e., well after the plaintiffs' claims survived the pleading stage. (*Id.* at 1).

In this case, by contrast, the Court does not view any of SOS's claims as necessarily "dependent" on each other—even if that were the same thing as "duplicative." Certainly, as SOS acknowledges, a finding in its favor on Counts 1 and/or 2 would strengthen its case on Count 3. But such a finding is not necessary for it to prevail on Count 3: an agency may comply with ESA § 7's procedural obligations but still ultimately violate its substantive requirement. Thus, even if *Ctr. for Biological Diversity* were binding on this Court, it would not bar SOS's Count 3. Dismissal of Count 3 for duplication of other claims is unwarranted at this early stage.

### B. TxDOT's Failure to State a Claim Argument

TxDOT also argues, in the alternative, that Count 3 independently fails to state a claim for which relief can be granted because it is duplicative. (Partial Mot. Dismiss, Dkt. 10, at 8). Again, however, it misapprehends the discrete natures of the obligations ESA § 7 imposes on agencies. It points out that Count 3 "does not articulate the violation of any additional . . . regulatory requirement" besides those described in Counts 1, 2, and 4. (*Id.*). But because Count 3 addresses Defendants' substantive obligation—the distinct legal theory upon which Count 3 rests—this argument rings hollow. TxDOT is not entitled to dismissal on this basis.

TxDOT also asserts that under Federal Rule of Civil Procedure 12(b)(6), SOS has not pleaded sufficient facts to make Count 3 plausible. (*Id.*). At this early stage, and for purposes of this partial motion to dismiss only, the Court finds that SOS has pleaded sufficient facts to render the allegation of a substantive ESA § 7 violation in Count 3 plausible. TxDOT argues that SOS has to allege that actual jeopardy to the salamanders has occurred in order to prevail on its claim, which it

does not do. (*Id.*). But SOS need not do so to maintain a separate claim alleging a substantive violation of ESA § 7—the ESA contemplates proactive rather than reactive protection of endangered species. *See Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 173–74 (1978). Instead, SOS need only plead facts alleging that the agency did not take certain information into account when it should have to allege a separate substantive violation. *See, e.g.*, *Fla. Key Deer v. Paulison*, 522 F.3d 1133, 1144 (11th Cir. 2008); *City of Tacoma, Washington v. F.E.R.C.*, 460 F.3d 53, 76 (D.C. Cir. 2006); *Res. Ltd., Inc. v. Robertson*, 35 F.3d 1300, 1305 (9th Cir. 1993), *as amended on denial of reh'g* (July 5, 1994); *Pyramid Lake*, 898 F.2d at 1415. It has done so here. (*See, e.g.*, Compl., Dkt. 1, at 19–21). Alternately, an assertion that TxDOT violated its substantive obligation by relying on a legally flawed concurrence may constitute a sufficient allegation of a substantive violation. *Cf. Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 698 F.3d 1101, 1127 (9th Cir. 2012); *Wild Fish Conservancy v. Salazar*, 628 F.3d 513, 532 (9th Cir. 2010).

So, Count 3 should not be dismissed on this ground at this stage. In any case, TxDOT is free to mount a full Rule 12(b)(6) challenge if it so chooses, explaining in more detail, and in a way that does not rely on putative duplication of claims, why SOS has failed to state a claim upon which relief can be granted.

### C. Striking Material from SOS's Complaint

In its response, SOS states that its "suggestion" in its complaint "that formal consultation is either a necessary or sufficient predicate for ESA compliance in this case" is incorrect. (Resp., Dkt. 14, at 6; *see* Compl., Dkt. 1, at 24). SOS requests that if the Court construes TxDOT's partial motion to dismiss as a motion to strike "immaterial . . . matter" from SOS's complaint under Federal Rule of Civil Procedure 12(f), SOS would not oppose that request, particularly since it would clarify Count 3's concern with TxDOT's substantive ESA § 7 obligation. (Resp., Dkt. 14, at 6 & n.5).

TxDOT does not address this point in its reply. (*See* Reply, Dkt. 15). The Court agrees with SOS that removal of this phrase from SOS's complaint is appropriate.

## IV.  CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that TxDOT's motion to dismiss Count 3 in SOS's complaint, (Dkt. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that the phrase "through formal consultation with the Service" is **STRICKEN** from ¶ 101 of SOS's complaint. (Compl., Dkt. 1, at 24); *see* Fed. R. Civ. P. 12(f); (Resp. Partial Mot. Dismiss, Dkt. 14, at 7–8).

**SIGNED** on June 26, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE